The UNITED STATES, Plaintiff,

v.

ROCKWELL INTERNATIONAL CORPORATION, Defendant.

No. 82–12–01744.

United States Court of International Trade.

Jan. 22, 1986.

Richard K. Willard, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Civ. Div., Dept. of Justice, A. David Lafer, Washington, D.C., for plaintiff.

Glad & Ferguson, Edward N. Glad, Los Angeles, Cal., for defendant.

*Memorandum Opinion and Order*

DiCARLO, Judge:

The United States brings this action against defendant Rockwell International Corporation (Rockwell) to recover a civil penalty for alleged negligent violations of section 592 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1592 (1982). The complaint alleges that 223 entries of nickel cadium batteries imported from Mexico

over a one year period were entered by means of material and false statement and by means of material omissions.

Rockwell moves under Rule 56 of the Rules of this Court for summary judgment on the material and false statement and material omissions charges. The government opposes Rockwell's motion and cross-moves for summary judgment on the material and false statement charge. Rockwell's motion is denied and plaintiff's motion is granted in part.

### Uncontroverted Facts

The following facts are not in dispute:

Beginning in late 1977, Rockwell imported at Calexico, California, pin ball machine control boards assembled in Mexico, each containing a small nickel cadium battery. The control boards were imported under item 807.00, Tariff Schedules of the United States (TSUS), as "[a]rticles assembled abroad in whole or in part of fabricated components, the product of the United States...." Item 807.00, TSUS, imposes a duty upon the full value of the imported article, less the cost or value of United States components. The entries listed in the complaint contained a total of 51,995 batteries, each having a dutiable value of $2.30.

The estimated duties deposited by Rockwell in connection with the control board entries were calculated on the basis of an estimated declaration of assembly costs filed by Rockwell with the United States Customs Service (Customs) on November 21, 1977. The estimated declaration listed the components of the control boards and indicated whether they were of United States or foreign origin.[1] The declaration listed the batteries as components of United States origin. The batteries had actually been manufactured in Mexico and sold to defendant by the General Electric Company.

Each battery was marked "assembled in Mexico." Rockwell never physically inspected the batteries prior to their exportation to Mexico for assembly into the control boards. Rockwell never received, or does not recall receiving, an executed origin of manufacturing declaration from General Electric.

The country of origin of the batteries was not made known to Customs until on or about March 27, 1979, when Rockwell filed a revised estimated declaration of assembly costs in which the batteries were shown to be of foreign origin.[2]

### Discussion

The complaint alleges that the batteries were entered in violation of 19 U.S.C. § 1592(a)(1)(A)(i) by means of material and false statements on the estimated declaration of assembly costs and entry documents. The complaint also alleges that the batteries were entered by means of material omissions in violation of section 1592(a)(1)(A)(ii) on the grounds that the batteries were dutiable separately from the control boards and should have been listed on a separate line on the entry papers.

On its motion for summary judgment, Rockwell argues (1) the action is barred by the applicable statute of limitations because it was commenced more than five years after the filing of the estimated dec-

---

1. 19 C.F.R. § 10.24 (1977) provides that in connection with the entry of assembled articles claimed to subject to exemption under item 807.00, TSUS, the assembler of the articles must file a declaration setting forth the components which are products of the United States. The declaration must be accompanied by an endorsement by the importer attesting to the correctness of the information provided on the declaration. *Id.* § 10.24(2). 19 C.F.R. § 10.-24(g) states:

    *Responsibility of correctness.* Subject to the civil and criminal sanctions provided by law

for false or fraudulent entries, the importer has the ultimate responsibility for supplying all information needed by the Customs Service to process an entry, and for the completeness and truthfulness of such information. If certain information cannot be supplied by the assembler, it must be provided by the importer.

2. Rockwell does not claim to have disclosed the circumstances of the alleged violations in accordance with the prior disclosure provisions of section 1592. *See* 19 U.S.C. § 1592(c)(4) (1982).

laration of assembly costs on November 21, 1977, (2) the entry documents contain no false statements and the false statement contained in the declaration of estimated assembly costs is not material within the meaning of section 1592, (3) the entries were not made by means of material omissions since the control boards and batteries were entireties, and (4) the false statement was not filed as a result of negligence.

The government opposes Rockwell's motion for summary judgment on the material and false statement charge and the material omissions charge, and cross-moves for summary judgment on the material and false statement charge. On its cross-motion for summary judgment, the government argues (1) the timeliness of the action is governed by the entry dates, (2) Rockwell's motion for summary judgment on the material omissions charge is precluded by the existence of a genuine issue of material fact, (3) the entries were made by means of a false statement because the value of the batteries was listed as nondutiable in the estimated declaration of assembly costs, (4) the false statement is material, and (5) Rockwell was negligent in filing the material and false statement.

The timeliness of this action is governed by 19 U.S.C. § 1621 (1982), which in relevant part states:

> That in the case of an alleged violation of section 1592 of this title arising out of gross negligence or negligence, such suit or action shall not be instituted more than five years after the date the alleged violation was committed.

■ Under this section, the five year limitations period begins to run upon the commission of the alleged violation of section 1592. Section 1592 prohibits, *inter alia,* the entry of merchandise into the commerce of the United States by means of any document which is material and false. 19 U.S.C. § 1592(a)(1)(A). Therefore, the timeliness of this action is determined not by the date on which the estimated declaration of assembly costs was filed, but rather by the dates on which Rockwell entered the merchandise.

This action is timely since the entries which are the subject of the complaint occurred less than five years prior to commencement of the action.

■ With respect to Rockwell's motion for summary judgment on the material omissions charge, both parties have submitted affidavits as to whether the batteries were soldered into the control boards. This question is material to whether the control boards and batteries were entireties, and the entireties issue is material to whether the batteries were negligently omitted from a separate line on the entry documents. Since the affidavits raise a genuine issue of material fact, Rockwell's motion for summary judgment on the material omissions charge is denied.

The Court next turns to the parties' cross-motions for summary judgment on the government's allegation that Rockwell, by negligence, entered the batteries by means of a material and false statement. Rockwell admits that it filed a document containing a false statement with Customs, saying: "The only false statement that appears in any paper filed with U.S. Customs is contained in the initial estimated declaration of dutiable costs filed with U.S. Customs by defendant on November 21, 1977, wherein the rechargeable batteries were stated to be of U.S. origin when in fact these batteries were foreign."[3] Since estimated duties on the entries were calculated based upon the estimated declaration of assembly costs, and the estimated declaration listed the battery components as nondutiable, the batteries were entered by means of false statement.

The Court now addresses whether genuine issues of material fact preclude resolution of the questions (1) whether the false statement was material, and (2) whether the false statement was negligently filed.

A question of materiality involves a legal issue to be decided by the Court. *See, e.g., Sinclair v. United States,* 279 U.S. 263,

---

**3.** Defendant's Memorandum in Support of its Motion for Summary Judgment, at 1.

298–99, 49 S.Ct. 268, 273–74, 73 L.Ed. 692 (1929); *United States v. Ackerman*, 704 F.2d 1344, 1347, *reh'g denied*, 719 F.2d 1282 (5th Cir.1983). "In determining whether a false statement is material, the test is whether it has a natural tendency to influence, or was capable of influencing, the decision of the tribunal in making a determination required to be made." *United States v. Krause*, 507 F.2d 113, 118 (5th Cir.1975)(citing *Blake v. United States*, 323 F.2d 245, 246 (8th Cir.1963); *Gonzales v. United States*, 286 F.2d 118, 122 (10th Cir. 1960)). The Court also notes that in 1984 Customs issued a definition of materiality under section 1592, which states in part: "A document, statement, act, or omission is material if it has the potential to alter the classification, appraisement, or admissibility of merchandise, or the liability for duty...." 19 C.F.R.App. B to Pt. 171 (1984).

▪ In this case, the Court holds that the measurement of the materiality of the false statement is its potential impact upon Customs determination of the correct duty for the imported merchandise. *Cf. United States v. Taylor*, 574 F.2d 232, 235, *reh'g denied*, 576 F.2d 931 (5th Cir.), *cert. denied*, 439 U.S. 893, 99 S.Ct. 251, 58 L.Ed.2d 239 (1978). Under this standard, a statement is material which identifies components to be of United States origin and nondutiable, when in fact the components are foreign and had an aggregate dutiable value of over $119,000.

Rockwell argues its false statement is not material because the only purpose for listing country of origin data is to arrive at a sum that represents the estimated dutiable cost. The Court disagrees. While the dutiable values of components listed in estimated declarations may reasonably be expected to represent only estimations, *see* 19 C.F.R. § 10.21 (1977), the primary purpose of filing documentation in connection with

foreign assembly operations is to ascertain which components are dutiable and which are not.[4] Although Rockwell argues that the false statement is not material because it overestimated its duties on the control boards, section 1592 is expressly applicable "[w]ithout regard to whether the United States is or may be deprived of all or a portion of any lawful duty thereby." 19 U.S.C. § 1592(a)(1).

The final issue is whether there exists a genuine issue of material fact on the question of negligence. 19 U.S.C. § 592(c) states in part:

> if the monetary penalty is based on negligence, the United States shall have the burden of proof to establish the act or omission constituting the violation, and the alleged violator shall have the burden of proof that the act or omission did not occur as a result of negligence.

Since the act alleged to constitute a violation of section 1592 has been established, section 1592(c)(4) places upon Rockwell the burden of proving that the filing of the false statement did not occur as a result of negligence.

Rockwell contends that it was not negligent since it adopted reasonable procedures in order to comply with Customs requirements applicable to foreign assembly operations. Rockwell states that its internal regulations require the furnishing of country of origin certificates to suppliers so that accurate country of origin information can be received. Rockwell argues that in this case it did not receive country of origin certification, but since its supplier was located in the United States, it could reasonably assume that the batteries were of United States origin.

▪ The Court does not comment on the merit of Rockwell's contentions, but finds that it has raised a genuine issue of material fact on the question of negligence.[5]

---

**4.** *See* 19 C.F.R. § 10.24 (1977); *supra*, note 1.

**5.** The Court is aware of no case which defines negligence under section 1592. However, negligence has been defined in the context of another federal penalty statute as "lack of due care or

failure to do what a reasonable and ordinarily prudent person would do under the circumstances." *Marcello v. Comm'r*, 380 F.2d 499, 506 (5th Cir.1967) (penalty for negligent underpayment of taxes, § 6653(a) of the Internal Reve-

"Summary judgment is appropriate only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Albert v. Kevex Corp.*, 729 F.2d 757, 762, *reh'g granted,* 741 F.2d 396 (Fed.Cir.1984). Summary judgment on the question of negligence is denied.

### Conclusion

Rockwell's motion for summary judgment on the material omissions charge is precluded by the existence of a genuine issue of material fact.

On the material and false statement charge, Rockwell's motion for summary judgment is denied and the government's cross-motion for summary judgment is granted in part. The Court finds that

Rockwell filed the false statement giving rise to the alleged violations, and holds that the false statement is material within the meaning of section 1592. Under Rule 56(e) of the Rules of this Court, the uncontroverted facts set forth in this opinion shall be deemed established with respect to the triable issue of negligence. A conference will be held within ten days to discuss the manner in which the action shall proceed. So ordered.

nue Code of 1954, [current version at 26 U.S.C. § 6653(a) (1982)]), *cert. denied,* 389 U.S. 1044, 88 S.Ct. 787, 19 L.Ed.2d 835 (1968); *see Zmuda v. Comm'r,* 731 F.2d 1417, 1422 (9th Cir.1984). In 1984, a definition of negligence under section 1592 was published in an appendix to the Customs Regulations. Customs definition states in part: "As a general rule, a violation is determined to be negligent if it results from the offender's failure to exercise reasonable care and competence to ensure that a statement made is correct." 19 C.F.R.App. B to Pt. 171 (1984).