**Richard D. ALBERT, Appellee, Cross-Appellant,**

v.

**KEVEX CORPORATION, Appellant, Cross-Appellee.**

**Appeal Nos. 83–720, 83–781.**

United States Court of Appeals, Federal Circuit.

Aug. 20, 1984.

David B. Harrison and Michael Baker, San Mateo, Cal., argued for appellant.

Julian Caplan, Menlo Park, Cal., submitted for appellee.

Before RICH, DAVIS, BENNETT, MILLER and SMITH, Circuit Judges.

RICH, Circuit Judge.

Both parties, Richard D. Albert (Albert) and Kevex Corporation (Kevex), have petitioned this court for a rehearing of our decision of March 6, 1984, reported at 729 F.2d 757, 221 USPQ 202 (1984), in consolidated appeals No. 83–720 and No. 83–781. As was done in the case of the original opinion, we deal with these petitions separately. We rely on knowledge of the original opinion for factual background.

## Appeal No. 83–781

This appeal dealt with the decision of the District Court respecting Counts 4 and 5 of the amended complaint on which summary judgment of dismissal had been granted below on January 17, 1983.[1] On appeal, we vacated that judgment which, as to both counts, had been predicated on statutes of limitation, an issue with respect thereto being whether the statutes had been tolled. We found that there were disputed factual issues involved and remanded for trial to resolve them.

By its present petition, Kevex calls the court's attention to the fact that with respect to Count 5 only, which was for violation of the antitrust laws, the District Court rested its decision on an additional ground which, it asserts, requires affirmance as a matter of law of the summary judgment on Count 5 regardless of the ultimate decision on the statute of limitations question. That asserted ground is that on the record Albert has failed to raise a genuine issue of fact by showing that Kevex has sufficient market share with respect to the involved instruments to be capable of a monopolization offense. Kevex augments the record by supplying a transcript of the hearing on summary judgment wherein the District Court made it clear that the Count 5 summary judgment rested both on the statute of limitations and on a finding that Kevex's "market share is too small to allow a monopoly." Kevex argues that we did not consider the latter point because nothing was said about it in our opinion. Our opinion had, moreover, pointed out that the District Court had "entered a written order granting, without elaboration, Kevex's motion for partial summary judgment on Counts 4 and 5." In other words, the order gave no reasons for its granting.

---

1. Our opinion states the date of the order as January 13, 1983, which is in error. The correct date is January 17, 1983. It was approved by the parties as to form on January 13.

■ Albert, in reply, postulates that we must have considered the relevant market question, though it was not mentioned in our opinion, because it was "fully and extensively briefed by the parties," which, indeed, is true. Albert argues on this petition that that issue, like the statute of limitations issue, raised substantial issues of fact. In the briefs on appeal at least 15 pages of argument were devoted to this question and we certainly considered them in deciding to remand Count 5 for trial. Dealing with Counts 4 and 5 collectively, as we did, it was an inadvertence on our part that we failed to mention the relevant market fact issues in our opinion. The parties' arguments on the matter range from black to white, Kevex asserting that not over 7.2% of the market is in its hands and Albert asserting something closer to 100%, the big question being what is the relevant market. We consider this dispute, being both highly factual and important, to be unsuited to summary disposition on the basis of declaration evidence.

Our decision to vacate and remand for trial with respect to Count 5 is therefore adhered to. The petition of Kevex for rehearing is granted only to the extent that we have carefully considered it and is in all other respects *denied.*

### Appeal No. 83-720

This appeal was from the District Court's summary judgment on Count 3 of the complaint holding Kevex's Porter patent 3,919,-548 invalid. We vacated that judgment and remanded with instructions to dismiss Count 3, which was predicated on the existence of "interfering patents" under 35 U.S.C. § 291, for lack of subject-matter jurisdiction because it had not been established that the Porter patent "interfered" with either of Albert's two patents in suit. That subject-matter jurisdiction question was argued below by Albert solely with respect to Count 3 of the complaint and on the basis that 35 U.S.C. § 291 ("Interfering patents") gave the District Court jurisdiction over the Porter patent. In speaking of subject-matter jurisdiction herein, we refer only to jurisdiction *over the Porter patent.* [2] When Albert brought its motion for summary judgment of invalidity of the Porter patent, filed August 9, 1982, he relied entirely on Count 3 and § 291 as his basis for subject-matter jurisdiction saying: "Thus, the validity of the Kevex [Porter] patent is directly an issue in the current suit." Kevex filed a prompt response concisely pointing out that the court lacked jurisdiction over the Porter patent for want of "a fundamental jurisdictional fact: that the Porter patent interferes with the Albert '885 patent." Kevex also pointed out that "There is no other independent jurisdictional basis by which the Court may reach the issue of validity of the Porter patent." Kevex stated: "this present objection is so fundamental that Kevex deemed it necessary to be raised at this time so that the Court may consider it before all other issues." [3] Kevex later filed a more complete memorandum again

---

**2.** One of the problems in this litigation appears to us to have been a disregard of the specific question of jurisdiction *over the Porter patent.* Of course the trial court had jurisdiction over the *entire suit* as a patent suit under 28 U.S.C. § 1338 and 35 U.S.C. § 1, et seq., because plaintiff Albert brought the suit in the first place as one for infringement by Kevex of two patents owned by Albert, adding counts in its complaint, and amended complaint on other matters: Count 3 as an interfering patents suit; Count 4 for wrongful interference with prospective business advantage under the laws of California; and Count 5 for antitrust violations under federal law. The jurisdictional statements in the "First Amended Complaint" as to Counts 3, 4, and 5 read as follows, in pertinent part (emphasis ours):

Count 3: "this claim arises *under the patent laws* of the United States, including Section 291 of Title 35 of the United States Code."

Count 4: "jurisdiction of this count arises under the *ancillary jurisdiction* of this Court as arising out of the same transaction and occurrence as the claims for patent infringement [*of the Albert patents*] which arise under the patent laws of the United States´...."

Count 5: "This Court has jurisdiction pursuant to *the provisions of 15 USC § 1, et seq..*"

**3.** It was after that, on August 27, 1982, that Albert filed his amended complaint adding Counts 4 and 5, note 2, supra.

objecting in detail to the court's subject-matter jurisdiction over its Porter patent. Albert responded by asserting that "there is no doubt that this Court has jurisdiction to determine patent matters under 35 USC § 1 *et seq.*," that "the Court has the power to determine all issues directly involved in the case," that "plaintiff has a perfect right to attack the validity of the Porter patent," notifying the court that it "can dismiss Count 3 if the Porter patent is invalid," and concluded by saying:

> The validity of the Porter patent *is critical* to the determination of plaintiff's claims, and in particular plaintiff's claims regarding an interference [Count 3], as well as those for wrongful interference [Count 4] and anti-trust [Count 5] raised in the counts of the Amended Complaint. [Emphasis ours.]

Against this background, the District Court granted Albert's motion for summary judgment of invalidity of the Porter patent by its order of December 27, 1982, containing findings of fact and conclusions of law. Respecting its power to do so, after this hotly debated jurisdictional argument,[4] all it said on that point was in the following Conclusion of Law:

> 11. The Court has jurisdiction over the subject matter involved pursuant to 27 [sic, 28] U.S.C. § 1338 and 35 U.S.C. § 1 *et seq.*

This appeal, 83–720, was taken by Kevex only from the aforesaid invalidating of its Porter patent, a principal issue being whether the District Court has subject-matter jurisdiction to pass on the validity of the Porter patent, a point on which no discussion by the court below is to be found or any explanation of precisely how it got jurisdiction over the Porter patent.

■ Proceeding without any help from the trial court in explanation of the basis on which it presumed to have subject-matter jurisdiction, it appeared to this court that it was founded on Count 3 of the original complaint, the interfering patents count, which rested on § 291 of the patent statutes. Albert's appeal brief did nothing to dispel this view. It argued from beginning to end that the District Court had such jurisdiction under § 291.[5] The parties having argued the jurisdictional question on the basis of § 291, we decided the case on the same basis *and found jurisdiction lacking* because there was no showing of the existence of interfering patents, necessary to bring § 291 into play.[6] Therefore, we vacated the summary judgment of invalidity for want of subject-matter jurisdiction.

This brings us to Albert's petition for rehearing now before us which asserts error in our having vacated the District Court's judgment of invalidity of the Porter patent for want of subject-matter jurisdiction. Without citation of any relevant authority in its petition, Albert asks us to

---

**4.** After the filing of the written arguments of the parties debating subject-matter jurisdiction over the Porter patent, the court opened the September 17, 1982, hearing on the summary judgment motion, before counsel had said anything, by announcing:

> THE COURT: I am prone to proceed on the basis that the court has subject matter jurisdiction.

The question of jurisdiction was not further discussed but counsel for Kevex did request the court to reconsider it before rendering a decision.

**5.** Commingled with that argument was the question-begging proposition that if the court, on the basis of evidence presented, is persuaded that the patent is invalid, "the District Court had not only the jurisdiction but the duty to declare the patent invalid." In other words, *one gets juris-*

*diction to declare a patent invalid by first finding that it is invalid.* We do not exaggerate; Albert's brief says that if the court finds either of the patents in a § 291 proceeding invalid for any reason, "then the court has not only jurisdiction but a duty to find that patent invalid despite the fact that it has not reached the [jurisdictional] question of whether an interference in fact exists." Insofar as § 291 may underlie that argument, its purpose is to enable the court to resolve the problem created by the existence of two or more patents having been issued on the *same* invention, not to grant power to invalidate a patent which does *not* claim the same invention as another patent just because it is for some other reason invalid.

**6.** In view of this conclusion, we need not reach Albert's argument that the "court did not rule that interfering patent issues were moot."

reverse our holding vacating the judgment because the invalidity of the Porter patent "is pertinent to the Fourth and Fifth Causes of Action," is "directly related to these two counts," because our vacating the judgment "greatly complicates the trial of those two counts," "is no idle matter to Albert," and "is an important consideration in connection with counts 4 and 5." These vague generalizations and expressions of dismay do not establish jurisdiction at this time.

▪ While the Porter patent *may* in fact be invalid for any one of a number of reasons, like any other patent, and even though the District Court held it invalid, neither those facts nor any of Albert's above-stated reasons is any ground for changing our decision. Before a court can pass on the validity of a patent, it must be soundly established that the patent is properly before it—that the court has subject-matter jurisdiction over it. Kevex has not put the Porter patent in issue. Albert attempted to bring it under 35 U.S.C. § 291 and we held it had not succeeded in doing so. Albert has not seen fit to make use of the Declaratory Judgment Act (28 U.S.C., Chapter 151).

Since we have denied to Albert—and we continue to do so—his asserted § 291 basis for obtaining jurisdiction over the Porter patent, it is his burden to establish some other basis on which the District Court has jurisdiction over it. On the record before us, he has not done so. We have vacated the judgment of invalidity that rested on Count 3 and on its underlying statutory basis in § 291. It remains open to Albert to establish, if he can, some other basis for finding subject-matter jurisdiction. The initial decision on that matter, however, must be made by the District Court. If and when it does so, and only then, could its invalidity holding be reinstated. Any finding of a new ground of jurisdiction over the Porter patent would, of course, be subject to appellate review.

For the foregoing reasons, Albert's petition for rehearing has been granted only to the extent that we have carefully considered it and it is otherwise *denied*.

PETITIONS DENIED.

DAVIS, Circuit Judge, with whom EDWARD S. SMITH, Circuit Judge joins, concurring in part and dissenting in part:

I agree with the current opinion and result in Appeal No. 83–781, as I did with that part of the court's opinion of March 6, 1984. In appeal No. 83–720, I adhere to my views on 35 U.S.C. § 291—as expressed in my separate opinion of March 6th in this case, 729 F.2d 757, 764–65—and therefore dissent from that portion of the current opinion that reconfirms the court's March 6th holding on § 291. I agree, however, that if jurisdiction under § 291 did not and does not exist the parties should proceed on the issue of jurisdiction as outlined in the majority opinion.