**PABRINI, INC., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 83-3-00372.

United States Court of International Trade.

Feb. 25, 1986.

Leonard M. Fertman, P.C. (Leonard M. Fertman), Los Angeles, Cal., for plaintiff.

Richard K. Willard, Asst. Atty. Gen., Washington, D.C., Joseph I. Liebman, Atty. in Charge, Intern. Trade Field Office, Dept. of Justice (Judith M. Barzilay), New York City, for defendant.

**Memorandum Opinion and Order**

DiCARLO, Judge:

Umbrellas from Taiwan entered at the Port of Los Angeles were assessed country

of origin marking duties of ten percent *ad valorem* pursuant to section 304 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1304 (1982), when liquidated in April, 1982 by the United States Customs Service (Customs). Section 304 requires that all imported merchandise be marked in a manner "conspicuous" to the "ultimate purchaser."[1] Plaintiff protested assessment of the marking duties and filed this action following denial of the protest, pursuant to 19 U.S.C. § 1515 (1982) and 28 U.S.C. § 1581(a) (1982).

Before the Court are plaintiff's motion and defendant's cross-motion for summary judgment. Plaintiff contends that (1) the umbrellas need not be individually marked since they were distributed as gifts by a donor who was the "ultimate purchaser" and was aware of the country of origin, and (2) a small label sewn to one of the seams inside the umbrellas sufficiently identifies the country of origin. The Court disagrees with both contentions. Summary judgment is granted for defendant.

### "Ultimate purchaser"

Plaintiff alleges that the umbrellas were distributed without further charge to patrons of the Hollywood Park Race Track

paying the regular admission fee.[2] Plaintiff argues that the "ultimate purchaser" of the umbrellas within the meaning of section 304 was not the racetrack patron, but the racetrack, which was aware of the umbrellas' country of origin, and the umbrellas are therefore excepted from the marking requirement by 19 U.S.C. § 1304(a)(3)(H) and 19 C.F.R. § 134.32(h).[3] Plaintiff challenges as contrary to section 304 a regulation, 19 C.F.R. § 134.1(d)(4), that defines "ultimate purchaser" to include the recipients of gifts.[4]

The current language of the first paragraph of section 304 was enacted as part of the Customs Administrative Act of 1938, ch. 679, § 3, 52 Stat. 1077. Previously the marking statute did not mention an end user or "purchaser" of the article. The statute provided simply that "Every article imported into the United States ... shall be marked...." Tariff Act of 1930, ch. 497, Title III, § 304, 46 Stat. 590, 687 (repealed 1938).[5] The principal purpose of the 1938 revision of section 304 was to eliminate the previous requirement that the article, its immediate container, and the outer package all be marked with the country of origin.[6]

1. Section 304 provides, in part:
   Except as hereinafter provided, every article of foreign origin (or its container ...) imported into the United States shall be marked in a conspicuous place as legibly, indelibly, and permanently as the nature of the article ... will permit in such manner as to indicate to an ultimate purchaser in the United States the English name of the country of origin of the article.

2. Defendant has denied for lack of information plaintiff's allegations concerning the distribution of the umbrellas. For purposes of deciding the motion, the Court assumes that plaintiff's allegations are true.

3. 19 C.F.R. § 134.32(h) excepts from the marking requirements:
   Articles for which the ultimate purchaser must necessarily know the country of origin by reason of the circumstances of their importation or by reason of the character of the articles even though they are not marked to indicate their origin.

4. 19 C.F.R. § 134.1(d)(4) provides:
   The "ultimate purchaser" is generally the last person in the United States who will re-

ceive the article in the form in which it was imported. It is not feasible to state who will be the "ultimate purchaser" in every circumstance. The following examples may be helpful....
   4. If the imported article is distributed as a gift, the recipient is the "ultimate purchaser."
   Customs has applied section 304 to cover gifts at least since 1924. *See* C.S.D. 80–232 (1980) (digital pen watches to be distributed as gifts to business associates must be individually marked); C.S.D. 79–406 (1979) (plastic pencils to be distributed free as advertising must be individually marked); T.D. 40547 (1924) (clocks purchased as gifts to friends denied entry as improperly marked). 19 C.F.R. § 134.1(d)(4) was promulgated in current form to include the "example" covering gifts in 1972. 37 Fed.Reg. 20,318 (1972), T.D. 72–262.

5. The requirement that all goods entering the United States must be marked with their country of origin dates to the Tariff Act of 1890, ch. 1244, § 6, 26 Stat. 567, 613.

6. The legislative history of the 1938 act provides no evidence of congressional intent with respect to the meaning of "ultimate purchaser." In

"As in all cases involving statutory construction, 'our starting point must be the language employed by Congress.'" *American Tobacco Co. v. Patterson*, 456 U.S. 63, 68, 102 S.Ct. 1534, 1537, 71 L.Ed.2d 748 (1982) (quoting *Reiter v. Sonotone Corp.*, 442 U.S. 330, 337, 99 S.Ct. 2326, 2330, 60 L.Ed.2d 931 (1979)). *Webster's Second New International Dictionary* 2015 (1934), published four years before the enactment of the statute, defines "purchaser" as "one who purchases", and "purchase" as "to obtain (anything) by paying money or its equivalent." Thus, the question before the Court is whether by paying admission to the racetrack the racetrack patrons obtained the umbrellas by paying "money or its equivalent."

Under federal common law at the time the statute was enacted, consideration was defined as "some ... benefit or advantage conferred upon the promisor ... or any detriment ... suffered or undertaken by the promisee." *Cuneo Press v. Claybourn Corp.*, 90 F.2d 233, 236 (7th Cir.1937). This definition is consistent with current law under the Uniform Commercial Code (UCC) and the common law of contracts under which a single consideration is sufficient to support two promises. R. Anderson, 1 *Uniform Commercial Code* § 2–106:6 (3rd ed. 1981). *See, e.g., Sheppard v. Revlon, Inc.*, 267 So.2d 662, 664 (Fla.1972) (transfer of "free" jar of facial cream with purchase of cosmetics a "sale" within UCC § 2–106). *See also* A. Corbin, *Contracts* § 125 (1950). By purchasing a ticket to the racetrack, the patrons paid one consideration for two promises by the racetrack: admission to the racetrack and transfer of an umbrella.

The Court holds that racetrack patrons receiving the umbrellas as a condition to payment of the regular price of admission were not donees of gifts[7] but "ultimate

colloquy at hearings before the subcommittee considering the proposed legislation, Senator David I. Walsh, chairman of the subcommittee, did refer to the "consumer" of the merchandise. *Customs Administrative Act: Hearings on H.R. 8099 Before a Subcomm. of the Comm. on Finance United States Senate,* 75th Cong., 3d Sess. 57 (1938).

purchasers" of the imported merchandise within section 304. Since the Court holds that the racetrack patrons were the "ultimate purchasers" of the umbrellas within the meaning of section 304, the Court need not, and does not, consider the validity of any part of 19 C.F.R. § 134.1(d).

### "Conspicuous place"

Plaintiff also contends that a label sewn to one of the seams inside the umbrella measuring approximately 1⅜ inches by ⅜ inches printed with the words "100% NYLON MADE IN TAIWAN" is "conspicuous" within the meaning of the statute.

Section 304 provides that the Secretary of the Treasury "may by regulations ... prescribe ... a conspicuous place on the article ... where the marking shall appear...." 19 C.F.R. § 134.41(b) provides that "the ultimate purchaser in the United States must be able to find the marking easily and without strain."

Whether the marking is conspicuous is a question of fact. *See Midwood Industries, Inc. v. United States*, 313 F.Supp. 951, 64 Cust.Ct. 499, 503, C.D. 4026 (1970); *cf. Uniroyal, Inc. v. United States*, 3 CIT 220, 224, 542 F.Supp. 1026, 1029 (substantial transformation for marking purposes a question of fact); *U.S. Wolfson Bros. Corp. v. United States*, 52 Cust.Ct. 86, C.D. 2442 (1964), *aff'd*, 52 CCPA 46, C.A.D. 856 (1965) (ultimate purchaser a question of fact). Nevertheless, the parties agree that this issue is appropriate for summary judgment. Plaintiff included a sample of the merchandise with its motion for summary judgment. Since the case would be tried to the Court and the Court's determination on this issue would not turn on an assessment of witness credibility or demeanor, disposition by summary judgment is appropriate. A trial would add little, if anything, to the Court's ability to decide

7. The Court notes that under federal common law at the time of the enactment of the statute, "gift" was defined as a gratuitous transfer of property to another without consideration. *See, e.g. Schumacher v. United States*, 55 F.2d 1007, 1011 (Ct.Cl.1932). Plaintiff does not allege that the racetrack was motivated by generosity in distributing the umbrellas.

the issue. *See Nunez v. Superior Oil Co.,* 572 F.2d 1119, 1123–24 (5th Cir.1978); Schwarzer, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact,* 99 F.R.D. 465, 476–80 (1984). *Cf., United States v. Rockwell International Corp.,* 628 F.Supp. 206, 10 CIT ——, Slip Op. 86–11 (1986), at 210–211 (summary judgment denied where defendant contested ultimate fact of negligence).

The Court finds as a matter of fact that the small label cannot be seen easily and without strain. The label cannot be seen unless the umbrella is opened, and even then it is difficult to find. The Court holds that the marking is not "conspicuous" with-

in the meaning of section 304. *See J.B. Meltzer v. United States,* 2 Cust.Ct. 675, Abs. No. 41126 (1939).

Since the Court finds that the umbrellas were not marked in a manner conspicuous to the ultimate purchaser, summary judgment for defendant is granted. Judgment will be entered accordingly.

So ordered.