Slip Op. 15 – 65

UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| UNITED STATES,<br><br>            Plaintiff,<br><br>     v.<br><br>NYCC 1959 INC.,<br><br>            Defendant. | Before: Donald C. Pogue,<br>         Senior Judge<br><br>Court No. 14-00045 |

OPINION

[granting plaintiff's motion for default judgment]

Dated: June 19, 2015

     Zachary J. Sullivan, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for the Plaintiff.  Also on the brief were Benjamin C. Mizer, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Franklin E. White, Jr., Assistant Director.  Of counsel was Brian J. Redar, Staff Attorney, U.S. Customs and Border Protection, of Long Beach, CA.

     **Pogue**, **Senior Judge**:  The United States brings this action to recover a civil penalty as permitted by Section 592 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1592 (2012) ("Section 592").[1]  The Government claims that Defendant NYCC 1959 Inc. ("NYCC"), an importer of candles from the People's Republic of China ("China"), unlawfully attempted to enter merchandise

---

[1] Compl., ECF No. 3, at ¶ 1.  Further citations to the Tariff Act of 1930, as amended, are to the relevant provisions of Title 19 of the U.S. Code, 2012 edition.

into the commerce of the United States by means of materially

false information, in violation of 19 U.S.C. § 1592(a)(1)(A)(i).[2]

Because NYCC failed to timely appear, plead, or otherwise

defend, default was entered against it.[3]  The Government now

moves for default judgment pursuant to USCIT Rule 55(b).[4]

---

[2] Compl., ECF No. 3, at ¶¶ 3-8, 17, 21.  The Government claims that NYCC acted with gross negligence (count I), id. at ¶ 17, or, in the alternative, negligence (count II), id. at ¶ 21.

[3] Entry of Default, ECF No. 7.

[4] Pl.'s Corrected Mot. for Default J., ECF No. 13 ("Pl.'s Br."). In prior proceedings, this Court granted the Government's motion for default judgment, relying on the well-pleaded complaint and supporting evidence contained in the Declaration of Robert P. Thierry (Director of the Office of Fines, Penalties and Forfeitures, U.S. Customs and Border Protection, for the Los Angeles, California area), ECF No. 8-1 ("1st Thierry Decl."). See United States v. NYCC 1959 Inc., __ CIT __, 46 F. Supp. 3d 1389 (2015) ("NYCC I").  Thereafter, however, Government counsel discovered inaccuracies contained in portions of the 1st Thierry Declaration that were quoted in the court's opinion, and accordingly Plaintiff moved to set aside the default judgment, reopen this action, and file a corrected motion for default judgment. See NYCC I, __ CIT at __, 46 F. Supp. 3d at 1392 (quoting 1st Thierry Decl., ECF No. 8-1, at ¶ 8 (incorrectly stating that, on two prior occasions, NYCC paid rate advances in connection with attempted entries of the same merchandise without payment of antidumping duties)); Pl.'s Mot. to Set Aside Default J., Reopen This Action, & Grant Leave for Pl. to File Corrected Mot. for Default J., ECF No. 11, at 5 (explaining that, "contrary to the [1st Thierry Decl., ECF No. 8-1, at ¶ 8], in both [of these prior instances], NYCC failed to pay the rate advances issued by [U.S. Customs and Border Protection].") (citing Decl. of Senior Import Specialist Elena Pietron, ECF No. 13 (appended to Pl.'s Br., ECF No. 13) ("Pietron Decl.")).  The court granted Plaintiff's motion, the prior judgment and slip opinion were consequently vacated and withdrawn, and the Government's corrected motion and additional supporting evidence were accepted for filing and are now before the court. Order Mar. 25, 2015, ECF No. 12; Order May 7, 2015, ECF No. 15.

The court has jurisdiction pursuant to 28 U.S.C. § 1582(1) (2012).

As further explained below, because the Government's well-pleaded complaint and supporting evidence adequately establish the defaulting Defendant's liability for a grossly negligent violation of Section 592 as a matter of law, Plaintiff's motion for a default judgment is granted. In addition, because the Government's claim is for a civil penalty amount within the statutory limit for such violations, judgment shall be entered for the Plaintiff accordingly.

## DISCUSSION

Here, Defendant NYCC has defaulted by not appearing. Entry of Default, ECF No. 7. Because a defendant who defaults thereby admits all well-pleaded factual allegations contained in the complaint,[5] the court must enter judgment against NYCC if (1) "the plaintiff's allegations establish the defendant's liability as a matter of law,"[6] and (2) "the plaintiff's claim is for a sum certain or for a sum that can be made certain by

---

[5] E.g., City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 137 (2d Cir. 2011) ("It is an ancient common law axiom that a defendant who defaults thereby admits all well-pleaded factual allegations contained in the complaint.") (quotation marks and citation omitted).

[6] Id. (alterations, quotation marks, citation and footnote omitted); United States v. Freight Forwarder Int'l, Inc., __ CIT __, 44 F. Supp. 3d 1359, 1362 (2015) (relying on Mickalis Pawn Shop, 645 F.3d at 137).

computation." USCIT R. 55(b).[7]

I.    Admitted as True, the Government's Factual Allegations
      Establish NYCC's Liability as a Matter of Law.

        Section 592 prohibits attempts to "enter or introduce
any merchandise into the commerce of the United States by means
of . . . any document or electronically transmitted data or
information, written or oral statement, or act which is material
and false," if the responsible person acted with "fraud, gross
negligence, or negligence." 19 U.S.C. § 1592(a)(1)(A)(i).  Here,
the Government adequately alleges that NYCC submitted entry
documents to U.S. Customs and Border Protection ("Customs") that
falsely indicated that the merchandise in question was not
subject to any antidumping duties.[8]  In fact (accepting, as
necessary in cases of default, the truth of the Plaintiff's

---

[7] USCIT Rule 55(b) provides that "[w]hen the plaintiff's claim is for a sum certain or for a sum that can be made certain by computation, the court – on the plaintiff's request with an affidavit showing the amount due – must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person." Plaintiff's complaint alleges that NYCC is a corporation, not a minor or an incompetent person. See Compl., ECF No. 3, at ¶ 3 (averring that, "[u]pon information and belief," Defendant NYCC is "a New York corporation . . . engaged in the importation of candles").

[8] Compl., ECF No. 3, at ¶¶ 4-7; [2d] Decl. of Robert P. Thierry (Director of the Office of Fines, Penalties and Forfeitures, U.S. Customs and Border Protection, for the Los Angeles, California area), ECF No. 13 (appended to Pl.'s Br., ECF No. 13) ("2d Thierry Decl.") at ¶¶ 2-3, 5-7.

factual allegations[9]), the merchandise NYCC attempted to enter –
candles from China wholly composed of petroleum wax – was
covered by an antidumping duty order.[10]  Because the false entry
information was material to Customs' evaluation of NYCC's duty
liability for the attempted entry,[11] the Government's factual
allegations, deemed admitted by the defaulting Defendant,
establish that NYCC attempted to enter merchandise into the
commerce of the United States by means of information that was
both material and false.

In the absence of any defense by the Defendant, these
factual allegations are sufficient to establish NYCC's liability
under Section 592 for a monetary penalty based on negligence.[12]

---

[9] See Mickalis Pawn Shop, 645 F.3d at 137.

[10] Compl., ECF No. 3, at ¶¶ 4, 7 (citing Petroleum Wax Candles from
[China], 51 Fed. Reg. 30,686 (Dep't Commerce Aug. 28, 1986)
(antidumping duty order)); 2d Thierry Decl., ECF No. 13, at ¶ 5-6.

[11] Compl., ECF No. 3, at ¶¶ 6, 8. "Material" in the context of
19 U.S.C. § 1592(a)(1) means information that "has the potential to
alter the classification, appraisement, or admissibility of
merchandise, or the liability for duty." United States v. Rockwell
Int'l Corp., 10 CIT 38, 42, 628 F. Supp. 206, 210 (1986) (quoting
19 C.F.R. App. B to Pt. 171 (1984)); see also id. ("[T]he
measurement of the materiality of the false statement [as
contemplated by 19 U.S.C. § 1592(a)(1)] is its potential impact
upon Customs['] determination of the correct duty for the imported
merchandise.") (citation omitted).

[12] See 19 U.S.C. § 1592(e)(4) ("Notwithstanding any other provision
of law, in any proceeding commenced by the United States in the
Court of International Trade for the recovery of any monetary
penalty claimed under [Section 592] . . . if the monetary penalty
is based on negligence, the United States shall have the burden of
proof to establish the act or omission constituting the violation,
(footnote continued)

The next inquiry, therefore, concerns the Government's alternative claim to a monetary penalty based on gross negligence.[13]

"Gross negligence, for purposes of [S]ection 592, is behavior that is willful, wanton, or reckless, or demonstrates an 'utter lack of care.'"[14]  Here the Government alleges that, prior to the entry attempt in question, NYCC had "twice attempted to enter Chinese candles from the same manufacturer without payment of antidumping duties,"[15] and that in both prior instances Customs had tested the merchandise and determined it to be subject to the antidumping duty order covering petroleum wax candles from China.[16]  In both prior instances, Customs issued to NYCC a rate advance for the antidumping duties, the first of which was paid by NYCC's surety and the other of which remains outstanding.[17]  These undenied allegations establish

---

and the alleged violator shall have the burden of proof that the act or omission did not occur as a result of negligence.").

[13] See id. at § 1592(e)(3) ("[I]f the monetary penalty is based on gross negligence, the United States shall have the burden of proof to establish all the elements of the alleged violation[.]").

[14] United States v. Lafidale, Inc., __ CIT __, 942 F. Supp. 2d 1362, 1365 (2013) (quoting United States v. Ford Motor Co., 29 CIT 827, 845, 395 F. Supp. 2d 1190, 1206 (2005), aff'd in part, rev'd in part on other grounds, 463 F.3d 1267 (Fed. Cir. 2006)).

[15] Compl., ECF No. 3, at ¶ 9.

[16] Pietron Decl., ECF No. 13, at ¶ 4.

[17] Id.; see also 1st Thierry Decl., ECF No. 8-1, at ¶ 8 (stating
(footnote continued)

sufficient prior knowledge by NYCC to constitute a complete lack of care, demonstrating that when NYCC falsely indicated to Customs that the merchandise covered by this attempted entry was not subject to antidumping duties, it did so "with actual knowledge of or wanton disregard for the relevant facts and with indifference to or disregard for its obligation to file the entry as subject to antidumping duties."[18]

Thus the Government has met its burden to establish NYCC's liability for a grossly negligent violation of Section 592. The remaining question before the court is the claimed penalty amount.

## II.  The Penalty Amount

Section 592 also provides for the civil penalty amount to be assessed for gross negligence.[19] Where (as here) the material misrepresentation that forms the basis of the grossly negligent violation concerned the assessment of duties, the amount of the penalty may not exceed the lesser of "the domestic value of the merchandise" or "four times the lawful duties, taxes, and fees of which the United States is or may be

---

that NYCC protested the rate advance in the second (but not the first) instance, that Customs denied that protest, and that NYCC did not further litigate the matter).

[18] Compl., ECF No. 3, at ¶ 17.

[19] 19 U.S.C. § 1592(c)(2).

deprived."[20]   The Government alleges that the attempted entry in

_____

[20] See id. at § 1592(c)(2)(A).  The Government's explanation that
the penalty amount assessed for NYCC's grossly negligent violation
of Section 592 "represented 40 percent of the dutiable value of the
merchandise," Compl., ECF No. 3, at ¶ 12, suggests that Customs was
applying 19 U.S.C. § 1592(c)(2)(B) ("[I]f the [grossly negligent]
violation [of Section 592] did *not* affect the assessment of duties,
[the civil penalty amount may not exceed] 40 percent of the
dutiable value of the merchandise.") (emphasis added).  But because
the false information provided by NYCC – i.e., that the merchandise
in question was not covered by an antidumping duty order – was
material precisely because it had the potential to affect the
importer's duty liability, the applicable statutory cap on the
civil penalty is in fact found in 19 U.S.C. § 1592(c)(2)(A)
("A grossly negligent violation of [Section 592] is punishable by a
civil penalty in an amount not to exceed . . . the lesser of –
(i) the domestic value of the merchandise, or (ii) four times the
lawful duties, taxes, and fees of which the United States is or may
be deprived[.]").  See Pl.'s Br., ECF No. 13, at 7 (relying on
19 U.S.C. § 1592(c)(2)(A)); id. at 7 n.2 ("Customs exercised its
discretion in assessing a penalty in an amount that equaled only
forty percent of the dutiable value of the merchandise as
calculated by Customs . . . in part because the entry was
ultimately canceled and the goods were abandoned.  Although Customs
utilized the maximum for a gross negligence penalty when the
violation does not affect the assessment of duties, 19 U.S.C.
§ 1592(c)(2)(B), we note that the violation here did in fact affect
the assessment of duties, and thus a higher penalty was
available.").  Subsection 1592(c)(2)(A) generally sets the
statutory limit for penalties based on grossly negligent violations
of Section 592, except "if the violation did not affect the
assessment of duties," in which case the alternative limit provided
by subsection 1592(c)(2)(B) applies. 19 U.S.C. § 1592(c).  Although
the phrase "affect the assessment of duties" is not entirely devoid
of ambiguity, the focus of the distinction between the two
statutory limits on penalties for grossly negligent violations
appears to concern the nature of the violation – i.e., was the
misinformation constituting the violation directly material to duty
assessment, or did the misinformation concern some other aspect of
the entry process? Cf. United States v. Inner Beauty Int'l (USA)
Ltd., Slip Op. 11-148, 2011 WL 6009239 (CIT Dec. 2, 2011) (applying
subsection 1592(c)(2)(B) as the appropriate cap for a penalty based
on a "non-revenue-loss" violation of Section 592, where the
misinformation in question was material to the classification of
the merchandise for purposes of an import quota).  Here, the
violation was directly material to Customs' duty assessment,
                                                (footnote continued)

question consisted of 1160 cartons of candles, with an "entered

value" of $33,396.00,[21] a "dutiable value" determined by Customs

to be $38,275.20,[22] and a "domestic value"[23] calculated by Customs

to be $101,759.59.[24]  This attempted false entry is alleged to

---

because the misinformation provided by NYCC concerned the
applicable antidumping duties.  Accordingly, the general cap set by
19 U.S.C. § 1592(c)(2)(A) applies.

[21] Compl., ECF No. 3, at ¶ 4; 2d Thierry Decl., ECF No. 13,
at ¶¶ 2-3.

[22] Compl., ECF No. 3, at ¶ 12; 2d Thierry Decl., ECF No. 13, at ¶ 4;

[23] Cf. United States v. Pan Pac. Textile Grp., Inc., 30 CIT 138,
140 n.2 (2006) (not reported in the Federal Supplement) ("Domestic
value is defined as the 'price at which such or similar property is
freely offered for sale at the time and place of appraisement.'
'Freight, profit and duty are therefore included.  In contrast,
transaction value is the general standard for determining the
dutiable value of imported merchandise.  Transaction value is
defined as 'the price actually paid or payable for the merchandise
when sold for exportation to the United States plus certain
additional costs.  The 'price actually paid or payable' is defined
as 'the total payment . . . made, or to be made, for imported
merchandise by the buyer to, or for the benefit of, the seller.'")
(quoting and/or citing 19 C.F.R. § 162.43(a)(2005); United States
v. Quintin, 7 CIT 153, 158 n.3 (1984) (not reported in the Federal
Supplement); and 19 U.S.C. §§ 1401a(a)(1)(A) (1999), 1401a(b)(1),
and 1401a(b)(4)(A)) (alterations omitted).

[24] Decl. of Irma Harvin (Customs Import Specialist for the Los
Angeles, California area), ECF No. 16 ("Harvin Decl.") at ¶ 5.
But see 2d Thierry Decl., ECF No. 13, at ¶ 12 ("[Customs]
calculated the domestic value of the merchandise at $346,290.29.");
Pl.'s Mot. for Leave to File Additional Evidence in Supp. of its
Corrected Mot. for Default J., ECF No. 14 ("Pl.'s Mot. to
Supplement Evidence") at 3 (referring to the "domestic value" of
the merchandise as $346,290.29).  Plaintiff explains that the
$101,759.59 value was the result of a "second appraisal conducted
in 2015 after the Court's original opinion [in NYCC I]," Pl.'s Mot.
to Supplement Evidence, ECF No. 14, at 4, and speculates that
"[g]iven the large difference between the two dollar amounts, . . .
the [original] appraisal [i.e., $346,290.29] may have contained a
(footnote continued)

have "resulted in a potential loss of antidumping duties of $41,452.04,"[25] based on a 108.3 percent *ad valorem* antidumping duty rate applicable to petroleum wax candles imported from China.[26]  Customs assessed a penalty of $15,310.08 – which is alleged to represent 40 percent of the calculated dutiable value of the merchandise – for NYCC's grossly negligent violation of Section 592.[27]  NYCC has not paid any part of this penalty.[28]

---

typographical or mathematical error in the underlying calculations and may [or may not] have been the result of different appraisal standards and methods." Id. at 4 n.3; see also id. at 4 n.4 (noting that "[t]he import specialist making the second appraisal was involved in the first appraisal, but the import specialist with primary responsibility for the first appraisal is no longer at [Customs]").  Plaintiff argues that "regardless of whether the 2015 appraisal of domestic value is also considered, the penalty did not exceed the domestic value calculated by [Customs] originally or in 2015 ($346,290.29 [or] $101,759.59) or four times the antidumping duties ($165,808.16)." Id. at 4.

[25] 2d Thierry Decl., ECF No. 13, at ¶ 9.

[26] See Compl., ECF No. 3, at ¶ 7; 2d Thierry Decl., ECF No. 13, at ¶ 6; Harvin Decl., ECF No. 16, at ¶ 3.  Using the "entered" value – the lowest alleged amount - the applicable duties, based on the 108.3 percent *ad valorem* antidumping duty rate, would have been $36,167.87.

[27] Compl., ECF No. 3, at ¶¶ 12-13, 18; 2d Thierry Decl., ECF No. 13, at ¶¶ 11, 16, 18.

[28] Compl., ECF No. 3, at ¶¶ 15, 19; 2d Thierry Decl., ECF No. 13, at ¶¶ 18, 23.  The Government states that "[a]ll administrative notices, petitions for relief and demands for payment were processed in accordance with applicable laws and procedures." Compl., ECF No. 3, at ¶ 14; see also id. at ¶¶ 12-13 (describing the penalty notices issued to NYCC in connection with this violation); 19 U.S.C. § 1592(b) (providing the procedures that Customs must follow when assessing penalties for violations of Section 592).  In the absence of any challenge from the defense, no procedural defect is apparent in this regard.

Although the Government's presentation of its case has not always been precise,[29] the facts alleged are sufficient to establish that the amount of the claimed penalty – $15,310.08 – falls within the statutory cap set by the lesser of either the merchandise's domestic value or four times the potential duty loss.[30]  NYCC itself entered the value of the merchandise as $33,396.00,[31] and at an *ad valorem* antidumping duty rate of 108.3 percent the duties owed on such merchandise would non-controversially exceed the claimed penalty amount.[32] Accordingly, the Government's assessed penalty amount in this case is within the scope of authority provided by 19 U.S.C. § 1592(c)(2)(A).

---

[29] See *supra* note 24.

[30] See 19 U.S.C. § 1592(c)(2)(A).

[31] Compl., ECF No. 3, at ¶ 4.

[32] See *supra* note 26 (computing potential duty loss using the "entered value"). Compare Compl., ECF No. 3, at ¶ 4 ("NYCC, as importer of record, caused to be filed . . . [an] entry for 1160 cartons of candles from [China] with an entered value of $33,396.00."); id. at ¶ 12 ("The amount of the penalty represented 40 percent of the dutiable value of the merchandise, which [Customs] determined was $38,275.20."), with United States v. Callanish Ltd., Slip Op. 10-124, 2010 WL 4340463, at *4 & n.3 (CIT Nov. 2, 2010) (denying without prejudice the Government's motion for default judgment because "it appear[ed] that the amount of the 'domestic value' [of the merchandise] was derived by doubling the amounts for entered value as set forth on entry summaries for the importations that are the subject of this action") (citation omitted).  Here, rather than doubling the entered value of the merchandise to assess the penalty amount, Customs assessed an amount comprising a fraction of that value.

**CONCLUSION**

For all of the foregoing reasons, the Government's motion for default judgment against NYCC for a grossly negligent violation of 19 U.S.C. § 1592(a) is granted. As the claimed penalty amount falls well within the statutory limit, and as the record presents no reason to alter it, judgment shall be entered in the amount of the outstanding penalty assessed against NYCC for this violation, $15,310.08, plus post-judgment interest, computed in accordance with 28 U.S.C. §§ 1961(a)-(b).[33]


                                        ___/s/ Donald C. Pogue_____
                                        Donald C. Pogue, Senior Judge


Dated: June 19, 2015
       New York, NY

---

[33] The Government additionally requested pre-judgment interest, Compl., ECF No. 3, at ¶ 19, but pre-judgment interest is unavailable for penalties assessed pursuant to 19 U.S.C. § 1592(c). United States v. Nat'l Semiconductor Corp., 547 F.3d 1364, 1369-70 (Fed. Cir. 2008) ("Our precedent is clear that prejudgment interest may not be awarded on punitive damages, and, in our view, . . . the damages authorized by [19 U.S.C.] § 1592(c) are punitive.") (alteration, quotation marks, and citations omitted); United States v. Country Flavor Corp., __ CIT __, 825 F. Supp. 2d 1296, 1301 n.6 (2012) ("Prejudgment interest is not awarded on civil penalties imposed pursuant to 19 U.S.C. § 1592([c]).") (citing Nat'l Semiconductor Corp., 547 F.3d at 1369-71); Inner Beauty, 2011 WL 6009239 at *6 n.5 (same).